{¶ 29} I concur with the majority's decision that the trial court's sua sponte dismissal of this case was improper. However, I write separately because I believe the majority's lengthy analysis of the court's denial of Thrower's motion for default judgment against William Olowo is not pertinent to this appeal.
 {¶ 30} In his brief, Thrower only argues that the court erroneously denied his motion for default judgment against Clementine Olowo. He does not argue the merits of his motion for default judgment against William Olowo presumably because unlike Clementine, William Olowo appeared in court for scheduled pretrials and filed an answer, albeit untimely. Thrower argues that because Clementine Olowo never appeared and never filed an answer, he was entitled to a default judgment against her. The majority's discussion of Thrower's motion for default judgment against William Olowo is, therefore, irrelevant.
 {¶ 31} I also disagree with the majority's conclusion that because they found the court improperly dismissed the case and because they are reversing the trial court's judgment, the third assignment of error is rendered moot. In his third assignment of error, Thrower argues the trial court committed reversible error when it failed to grant his motion for summary judgment. It is only because the majority reverses the trial court's dismissal and remands this case to the trial court for further proceedings that the court's ruling on the motion for summary judgment is relevant and ripe for our review. If this court had affirmed the dismissal, then the court's ruling on the motion for summary judgment would be moot. This assignment of error was, therefore, not rendered moot by our reversal of the trial court's dismissal.
 {¶ 32} Thrower erroneously argues that all the allegations in his complaint must be accepted as true for purposes of summary judgment and, thus, he failed to attach any of the evidence required by Civ.R. 56(C) to verify the facts set forth in the motion or in the complaint. Without any evidence of the type required by Civ.R. 56(C), the trial court could not properly grant the motion for summary judgment. Therefore, the trial court did not err in failing to grant his motion for summary judgment and I would accordingly overrule the third assignment of error.